## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

AISLINN WILLIAMS,

    Plaintiff,

v.                                                    Case No. 1:21-cv-909

KOMMUNIKARE
THERAPY, PC; SAM D. COBB;
and TRISTIN L. ROAN,                       *Jury Demand Requested*

    Defendants.

### COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY, FOR ASSAULT, AND FROM A HOSTILE WORK ENVIRONMENT

Plaintiff Aislinn Williams ("Plaintiff" hereinafter), by and through her attorney of record, Joseph M. Zebas, ZEBAS LAW FIRM, L.L.C., for her complaint against Kommunikare Therapy PC ("Defendant Kommunikare" hereinafter), Defendant Sam D. Cobb ("Defendant Cobb" hereinafter), and Defendant Tristin L. Roan ("Defendant Roan" hereinafter), states:

This is an action brought against Kommunikare Therapy PC, Sam D. Cobb and Tristin L. Roan, individually and as sole members of Kommunicare Therapy PC. This cause of action is brought pursuant to the United States Constitution and the New Mexico Constitution for civil rights duties and privileges that were denied by the Defendants.

### JURISDICTIONAL ALLEGATIONS

1.  This is a civil rights action for money damages arising under Title VII, The Civil Rights Act of 1964 and 1991, as Amended, 42 U.S.C. §§ Section 2000e-2, 2000e-3.

2.  This is also a civil rights action for money damages rising under the Constitution of the United States.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4) and venue exists under 28 U.S.C. § 1391.

4. Plaintiff has exhausted her administrative remedies and was issued a dismissal and notice of right to sue letter by the United States Equal Employment Opportunity Commission on or about June 17, 2021, a copy of which is attached here too and made part of this Complaint.

## **GENERAL ALLEGATIONS**

5. Plaintiff is a resident of Hobbs, County of Lea, State of New Mexico.

6. Upon information and belief, and at all times material hereto, Defendant Kommunikare is a domestic profit professional corporation, organized and licensed to do business within the State of New Mexico; incorporated by Defendant Cobb and having Directors listed as Defendant Cobb and Defendant Roan. Defendant Kommunikare is therefore liable and responsible for acts of its Directors and as such is responsible for payment of all or some of any judgment in this case.

7. At all times material to this Complaint, Defendant Kommunikare was a business operating in Lea County, State of New Mexico.

8. Upon information and belief, and at all times material hereto, Defendant Cobb is a resident of the City of Hobbs, County of Lea, State of New Mexico and is the owner and a Director of Defendant Kommunikare.

9. Upon information and belief, and at all times material hereto, Defendant Roan is an employee, manager, and a Director of Defendant Kommunikare and is a resident of the City of Hobbs, County of Lea, State of New Mexico.

10. Upon graduating with a degree in speech pathology, Plaintiff went to work as an assistant in the field of adolescent speech pathology.

11. While living in Tucson, Arizona, Plaintiff became addicted to methamphetamines; and in order to rid herself of her drug habit, she checked herself into a drug rehabilitation facility where she underwent treatment for 33 days.

12. Upon completing treatment, Plaintiff sought to regain employment in the field of speech pathology and thereby placed her resume on Indeed which is a job search website for employees and employers.

13. Prior to hire, Plaintiff advised Defendant Roan that she had been a drug rehabilitation facility into which she had voluntary checked herself in Scurry County, Texas, to free herself of using methamphetamines.

14. Prior to hire, Defendant Roan advised Plaintiff that Defendant Kommunikare is a healthy work environment that would not judge Plaintiff for her past and that Plaintiff will be in a healthy work environment in which they look out for their employees and the children to which they provide care and assistance.  This, however, was far from the truth.

15. Plaintiff traveled 434 miles and being working with Defendant Kommunikare on or about March 16, 2020.  From Plaintiff's start date, to the date of departure, she was sexually harassed until she could no longer tolerate the hostile work environment and terminated her employment.

16. On a daily basis, Defendant Roan would make comments to Plaintiff that consists of the following: "Dang girl you have a good size ass"; "you have a butt like a traffic cone" or Defendant Roan would say "I wish it was my ass".

17. In addition to making derogatory comments, Defendant Roan would also commit unwanted touches by grabbing Plaintiff's rear and chest.

18. Defendant Roan has a severe drinking habit and toward the end of most days, she would break out the Crown Royal whiskey, Defendant Roan's drink of choice, and would start drinking on the job.

19. On the days that Defendant Roan began drinking during working hours, the sexual abuse/assault became most perverse. As Defendant Roan started drinking, she became more verbally abusive and physically assaulting as she would grope Plaintiff's body parts including her butt and breasts.

20. On one occasion, while running errands, Defendant Roan lifted up Plaintiff's shirt to display Plaintiff's breasts in public.

21. Each time the verbal or physical assault occurred, Plaintiff advised Defendant Roan to stop and each time the request was ignored.

22. During Plaintiff's time of employment, the harassment and bullying by Defendant Roan became more and more constant on a daily basis.

23. Defendant Roan was the managing partner; and unbeknownst to Plaintiff, the actual owner is an individual by the name of Sam Cobb.

24. It is Plaintiff's reasonable knowledge and belief that Defendant Cobb knew or should have known of Defendant Roan's disregard for human rights like that of Plaintiff. As such, the owner, Defendant Cobb knew or should have known of the harassment and took no action to protect employees like Plaintiff.

25. Defendant Roan fully and willfully intended to harm the Plaintiff. Plaintiff repeatedly told Defendant Roan to stop the behavior, that it was offensive, but Defendant Roan

      continued her behavior, intentionally touching Plaintiff in many instances. Defendant Roan's behavior was in fact harmful and offensive to Plaintiff.

26. As a result of the continual obscene, derogatory remarks and gestures and sexually suggestive comments, Defendant Roan created an environment so hostile and offensive that Plaintiff was in continual fear that Defendant Roan would touch her whenever she would come close to her.

27. Defendant Roan fully and willfully intended to harm Plaintiff by these actions, and that she regularly misused her position of authority as a manager to threaten Plaintiff with negative job consequences if she did not agree to Defendant Roan's requests. This included having Plaintiff clean the bathroom which was not in her job description.

28. The actions described above taken by Defendants were deliberate, intentional, and malicious and undertaken with reckless disregard for the civil rights of the Plaintiff, and Plaintiff is entitled to punitive damages.

29. Because of the constant bullying and hostile work environment, sexual harassment, and unwanted touching, Plaintiff finally terminated her employment because she could not take it anymore and there was no protection provided by ownership.

30. When Plaintiff left Defendant Kommunikare, Defendant Roan retaliated by contacting the speech therapy board and claimed to the board that Plaintiff was using illegal substances.

31. As a direct and proximate result of these illegal, unlawful, and unwanted activities, Plaintiff incurred severe mental injury, pain and suffering, which required treatment, and caused lasting damage.

32. By committing the acts listed above, Defendant Roan acted with intent and malice, without justification, and without provocation by the Plaintiff. Despite overwhelming public policy prohibiting sexual-harassment, Defendant Roan continually harassed Plaintiff, repeatedly touching her, made sexually suggestive remarks, and demanding sexual favors in return for job stability.  When Plaintiff would complain about this treatment, she suffered negative consequences.

33. Defendant Kommunikare and/or Defendant Cobb, authorized and ratified the above in the following ways:

    (a) Kommunikare and Defendant Cobb had no policy regarding the reporting and handling of sexual harassment complaints.  When Plaintiff and other employees will attempt to complain, there was no avenue through which to voice their concerns or complaints; and when Plaintiff complained, she would be further abused by Defendant Roan.  Defendant Cobb was aware of Defendant Roan's mistreatment of employees like Plaintiff and took no measures to protect said employees.

    (b) Defendant Kommunikare and/or Defendant Cobb made no attempt to redress Plaintiff's grievances and correct the problem, the behavior was permitted to persist unchecked even after it was specifically brought to his attention.

34. Defendant Kommunicare and/or Defendant Cobb are vicariously liable for the above-described intentional torts by their agent, Defendant Roan, which were committed within the scope of employment.

6

## COUNT I
## TITLE VII DISCRIMINATION 42 U.S.C. §§ 2000E-2, 2000E-3

35. Plaintiff incorporates the preceding allegations by reference.

36. The discrimination of Plaintiff, by the Defendants, as set forth above, is in violation of Title VII of the Civil Rights Act of 1964 and 1991.

## COUNT II
## HOSTILE WORK ENVIRONMENT

37. Plaintiff incorporates the preceding allegations by reference.

38. The Plaintiff's hostile work environment created by the Defendants, as set forth above, is in violation of Title VII of the Civil Rights Act of 1964 and 1991.

## COUNT III
## DISPARATE TREATMENT RACE AND SEX DISCRIMINATION

39. Plaintiff incorporates the preceding allegations by reference.

40. The treatment of Plaintiff by the Defendants, as set forth above, is in violation of Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff Aislinn Williams prays for judgment against all the Defendants as follows:

    a. For reasonable compensatory damages in the amount of seven hundred and fifty thousand dollars ($750,000);

    b. For punitive damages in the amount of two hundred fifty thousand dollars ($250,000.00);

    c. For prejudgment and post-judgment interest;

    d. Attorney's fees, tax and costs pursuant to 42 U.S.C. §§ 1981, 1988 and the Civil Rights Act of 1991 § 102; and

e.  For the cost of this action, and for such other and further relief that the Court deems just and proper.

> Respectfully submitted,
>
> ZEBAS LAW FIRM, L.L.C.
>
> By: *Joseph M. Zebas*
> Joseph M. Zebas, Esq.
> 502 West Alto Drive
> Hobbs, NM  88240
> T:  (575) 393-1024
> joe.zebas@zebaslaw.com
> *Attorney for Plaintiff*